WYNN, Circuit Judge,
dissenting in part:
I agree with the majority opinion that Kofi Agyekum’s plea was knowing and voluntarily. I also agree that the district court correctly concluded that Kofi Agyekum’s activities related to the drug distribution conspiracy constituted “relevant conduct” for purposes of his sentencing, and that, relying on that conduct, the district court properly imposed a sentencing enhancement related to Kofi Agyekum’s leadership role in the drug conspiracy. But I disagree that the district court properly enhanced Kofi Agyekum’s sentence on the basis that he abused a position of trust. To the contrary, Kofi Agyekum did not have the trust relationship necessary to support the imposition of an abuse of a position of trust enhancement with either the West Virginia Board of Pharmacy or the distributor from which A+ Care Pharmacy purchased oxy-codone. Therefore, I respectfully dissent as to Part II of the majority opinion.
As the majority opinion correctly states, a two-level enhancement for abuse of a position of trust is proper if “the defendant abused a position of public or private trust,” U.S.S.G. § 3B1.3—that is, “a position ... characterized by professional or managerial discretion,” id. § 3B1.3 cmt. n.l. The defendant’s abuse of a position of trust must be effected “in a manner that significantly facilitated the commission of the offense.” Id. § 3B1.3. Moreover, “[w]hether a defendant held a position of trust must be assessed from the perspective of the victim,” United States v. Abdelshafi, 592 F.3d 602, 611 (4th Cir.), cert. denied, 562 U.S. 874, 131 S.Ct. 182, 178 L.Ed.2d 108 (2010), and “[t]here must be a trust relationship between [the defendant] and his victim for the enhancement to apply,” United States v. Moore, 29 F.3d 175, 180 (4th Cir. 1994) (alteration in original) (emphasis added) (internal quotation marks omitted).
“[W]e generally weigh three factors to determine whether a particular defendant abused a position of trust, including (1) whether the defendant had special duties or special access to information not available to other employees, (2) the extent of the discretion the defendant possessed, and (3) whether the defendant’s actions indicate that he is more culpable than others in similar positions who engage in *756 criminal acts.” Abdelshafi, 592 F.3d at 611. Under this test, establishing a trust relationship “requires more than a mere showing that the victim had confidence in the defendant. Something more akin to a fiduciary function is required.” United States v. Ebersole, 411 F.3d 517, 536 (4th Cir. 2005) (quoting United States v. Caplinger, 339 F.3d 226, 237 (4th Cir. 2003)) (internal quotation marks omitted).
Here, the majority opinion identifies the West Virginia Board of Pharmacy and the pharmacy’s distributor as the victims of Kofi Agyekum’s abuse of a position of trust. Ante, at 753-54. The majority opinion, however, fails to establish that a trust relationship existed between Kofi Agye-kum and either the Board of Pharmacy or the distributor. Regarding the Board of Pharmacy, as a “Pharmacy Intern,” Kofi Agyekum was “licensed to engage in the practice of pharmacist care while under the supervision of a pharmacist.” W. Va. Code § 30-5-4 (emphasis added). Accordingly, Kofi Agyekum’s state licensure expressly deprived Kofi Agyekum of managerial discretion and placed supervisory and discretionary authority in his pharmacist supervisor—here, Patricia Agyekum. Indeed, West Virginia law renders Kofi Agyekum’s authority with regard to the dispensing of pharmaceuticals entirely derivative of Patricia Agyekum, as Kofi Agyekum’s pharmacist supervisor. See W. Va. Code § 30-5-4(51) (“ ‘Pharmacist-in-charge’ means a pharmacist currently licensed in this state who accepts responsibility for ... the distribution of drugs and who is personally in full charge of the pharmacy and pharmacy personnel.”).
To that end, West Virginia law entrusts pharmacists-in-charge, like Patricia Agye-kum—not Pharmacy Interns, like Kofi Agyekum—with the responsibility of complying with state and federal laws and preventing the diversion of prescription pharmaceuticals. See, e.g., W. Va. Code § 30-5-4(51) (providing that the pharmacist-in-charge is responsible “for the operation of a pharmacy in conformance with all laws and legislative rules ... and the distribution of drugs”); W. Va. Code § 30-5-23(b) (“The pharmacist-in-charge is responsible for the pharmacy’s compliance with state and federal pharmacy laws and regulations and for maintaining records and inventory.”); W. Va. Code R. § 15-1-20(3.2.2) (“The pharmacist-in-charge shall notify the pharmacy permit holder of potential violations of any statute, rale or court order existing within the pharmacy. If appropriate action has not been taken within a reasonable amount of time the pharmacist-in-charge shall reduce to writing the above and submit to the pharmacy permit holder with a copy to the Board.”); W. Va. Code R. § 15-1-20(3.2.8) (providing that the pharmacist-in-charge is responsible for “[mjaking or filing any repoi-ts required by state or federal laws, rules, and regulations”). The Board of Pharmacy, therefore, entrasted Patricia Agyekum—as pharmacist-in-chai’ge—with special duties and responsibilities, not Kofi Agyekum—a Pharmacy Intern under her supervision.
Accordingly, a trust relationship existed between the Board of Pharmacy and Patricia Agyekum, as the pharmacist-in-charge and Kofi Agyekum’s supervisor, not between the Board of Pharmacy and Kofi Agyekum. Patricia Agyekum may have abused the trust the Board of Pharmacy placed in her by allowing Kofi Agyekum to illegally dispense oxycodone and by failing to repoi-t the loss of oxycodone from A+ Care Pharmacy’s inventory. However, Patricia Agyekum’s abuse of her relationship of trust with the Board of Pharmacy does not serve as a basis to enhance Kofi Agye-kum’s sentence. Moore, 29 F.3d at 179 (holding that a defendant’s sentence cannot be enhanced on grounds of a co-conspirator’s abuse of a position of trust).
*757 There is also no evidence of a trust relationship between Kofi Agyekum and the distributor from which A+ Care Pharmacy purchased oxycodone. Because something “akin to a fiduciary function” is required to create a trust relationship, Ebersole, 411 F.3d at 536, “an ordinary commercial relationship between the perpetrator and victim is insufficient, to support the abuse of trust enhancement,” United States v. Akinkoye, 185 F.3d 192, 204 (4th Cir. 1999) (citing Moore, 29 F.3d at 178); see also, e.g., United States v. Septon, 557 F.3d 934, 937 (8th Cir. 2009) (finding that “an arms-length commercial relationship will ordinarily not suffice for the [abuse-of-trust] enhancement to apply”). Accordingly, Kofi Agyekum’s purchase of oxycodone on A+ Care Pharmacy’s behalf cannot, by itself, create a trust relationship between Kofi Agyekum and the distributor or, accordingly, amount to an abuse of a position of trust.
The district court rightly noted that Kofi Agyekum could purchase oxycodone and other controlled substances from the distributor only through use of Patricia Agye-kum’s Drug Enforcement Administration Registration Number (“DEA Number”). But this amounts to nothing more than evidence that the distributor placed trust in' Patricia Agyekum—the holder of the DEA Number and the individual authorized to dispense controlled substances— not in Kofi Agyekum. Again, that Patricia Agyekum may have abused the distributor’s trust by allowing Kofi Agyekum to use her pharmacist license and DEA Number to order oxycodone does not support enhancing Kofi Agyekum’s sentence. Moore, 29 F.3d at 179. Therefore, Kofi Agyekum’s use of Patricia Agyekum’s DEA Number to place orders with the distributor does not establish a trust relationship between Kofi Agyekum and the distributor and, thus, cannot support a sentencing enhancement based upon abuse of a position of trust.
In sum, a trust relationship did not exist between Kofi Agyekum and the Board of Pharmacy or between Kofi Agyekum and the distributor. The district court, therefore, erred in imposing the enhancement for abuse of a position of trust. Accordingly, I respectfully dissent.